**Paris L. TAYLOR, Petitioner— Appellant,**

v.

**Jean HILL, Respondent—Appellee.**

No. 02–36064.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 24, 2003.

Anthony David Bornstein, Esq., FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Timothy A. Sylwester, Esq., DOJ–Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before: ALARCON, RAWLINSON, and BYBEE, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

### MEMORANDUM *

■ We affirm the district court's dismissal of Paris L. Taylor's habeas petition. The Supreme Court's decisions in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) constitute the relevant clearly established federal law. Under these cases, the admission of a non-testifying codefendant's confession at a joint trial violates the Confrontation Clause if the confession facially incriminates the defendant. *Bruton,* 391 U.S. at 126; *see also United States v. Angwin,* 271 F.3d 786, 796 (9th Cir.2001), *cert. denied,* 535 U.S. 966, 122 S.Ct. 1385, 152 L.Ed.2d 375 (2002) ("Under Bruton and its progeny, the admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, clearly, or powerfully implicates the defendant") (citations omitted).

■ A codefendant's confession is not facially incriminating, and thus does not raise Confrontation Clause concerns, if the confession is "redacted to omit any reference to the defendant ... [even if] the defendant is nonetheless linked to the confession by evidence properly admitted against him at trial." *Richardson,* 481 U.S. at 202.

■ Here, as in *Richardson,* the statements at issue did not refer directly to the defendant himself, but rather became incriminating only when linked with other evidence introduced at trial.[1] Thus, the

1. The codefendant's confession was admitted through the testimony of prosecution witness Jacqueline Phelps. Other portions of Phelps' testimony, specifically her recollection that the evening news reported a robbery involv-

trial court's admission of the statements did not violate Taylor's Sixth Amendment right to confrontation and the state appellate court's decision to affirm Taylor's conviction cannot be deemed an unreasonable application of clearly established federal law.

AFFIRMED.

ing two men, was potentially objectionable as hearsay. However, no objection was raised at trial and the trial court's admission of this particular portion of Phelps' testimony is not at issue on appeal.